*Crose,* 214 Ill. 602; *Winn v. Cleveland C., C. & St. L. Ry. Co.,* 239 Ill. 132.

It is argued that it is not proved by the evidence that the deceased was in the exercise of due care. The facts that it was a clear day, and that the deceased was familiar with the crossing and might have seen the train if he had looked just before he was struck, do not preclude the jury from finding from the evidence that the deceased was in the exercise of ordinary care. He may have looked after he passed the section house or seen the train and not have noticed that it was backing up, but thought it was going north in the direction a train put together as that was would naturally be going. We are not able to say that the jury were not justified in finding from all the evidence that the deceased was in the exercise of due care or that the speed of the train was not the efficient cause of the accident. No other question is presented for review. Neither is any question raised concerning the right to recover damages for the destruction of the automobile and the death of deceased for the benefit of the next of kin in the same suit. The judgment is therefore affirmed.

*Affirmed.*

## Mike Polionos by Peter Polionos, Appellee, v. Fred A. Renner, Appellant.

## (Not to be reported in full.)

Appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914. Rehearing denied December 2, 1914.

Polionos v. Renner, 190 Ill. App. 416.

## Statement of the Case.

Action on the case by Mike Polionos, by his next friend, Peter Polionos against Fred A. Renner, a surgeon, to recover for damages alleged to have been sustained in consequence of the unskilled and negligent manner in which he treated a fracture of the bone in the right leg. A jury returned a verdict in favor of the plaintiff for two hundred dollars, on which judgment was rendered and the defendant appealed.

CLARENCE E. POPE, EDWARD C. KNOTTS and PEEBLES & PEEBLES, for appellant; ROBERT J. FOLONIE, of counsel.

RINAKER & RINAKER, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. PHYSICIANS AND SURGEONS, § 22*—*when evidence shows unskilful treatment.* Where a fourteen-year-old boy was injured by an iron radiator falling on his leg, and the greater weight of evidence was that a reliable diagnosis of the injury could not be made without an X-ray picture, and that a surgeon made an erroneous diagnosis by mere manipulation, and gave the limb such treatment that a surgical operation was thereafter necessary, a verdict against such surgeon was not against the manifest weight of the evidence.

2. PHYSICIANS AND SURGEONS, § 21*—*what evidence admissible in action for negligent treatment.* In an action against a surgeon for damages occasioned by unskilful treatment of an injured boy, evidence of what the plaintiff's father said and did when he learned of the accident to his boy was properly excluded.

3. TRIAL, § 274*—*when irregularity in verdict immaterial.* Where a jury after agreeing on a verdict used a form given them by the court and simply wrote in such form for defendant the words, "two hundred dollars," and signed their names and were then discharged, the verdict being received in court on the following Monday, the intention of the jury to render a verdict for the plaintiff was obvious, and the irregularity would not warrant a reversal of the judgment thereon.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.
Vol. CLXXXX 27